KENDALL (BOWEN v.). See Case No. 1,-724.

## Case No. 7,691.

### KENDALL et al. v. BADGER.

[1 McAll. 523.] [1]

Circuit Court, California.[2] Jan. Term, 1859.

PROMISSORY NOTE—DEMAND OF PAYMENT—AVERMENTS.

1. In an action against a party primarily liable on a promissory note made payable at a particular place, demand for payment at that place need not be averred.

[See Bank of U. S. v. Bussard, Case No. 911.]

2. If the maker was ready at the time and place to pay, it is matter of defense.

3. A discharge of a defendant, a citizen of this state, from a foreign contract is no bar to an action brought against him upon it.

An action was brought in this case by the payees against the maker of a promissory note. Defense was, that no allegation in complaint was made of presentment for payment at the place named in the note; and, further, that defendant had been discharged under the insolvent law of this state. Held, that plaintiffs [Kendall, McDonald & Stetson] were entitled to judgment.

Halleck, Peachy & Billings and Gregory Yale, for plaintiffs.

Hall McAllister, for defendant.

McALLISTER, Circuit Judge. A demurrer was filed in this case, and the ground assigned is, that there is no allegation in the complaint that the note sued on was presented for payment at the place at which it is made payable on its face. The action is brought by the payees against the maker, who is primarily, not secondarily, liable. In such an action, between such parties, a demand for payment need not be averred. If the maker was ready at the time and place, and offered to pay, it is a matter of defense to be pleaded and proved. Wallace v. McConnell, 13 Pet. [38 U. S.] 136; Brabston v. Gibson, 9 How. [50 U. S.] 279. The demurrer is therefore overruled.

An answer has been filed which pleads in bar of this action the discharge of the defendant on 3d June, 1857, under the insolvent law of this state, approved May 4, 1852. To this answer a demurrer has been filed. The note sued on is in the following words: "Boston, Jan'y 1, 1856. $1,194 54/100. Eight months after date, I promise to pay to the order of Kendall, McDonald & Stetson, eleven hundred and ninety-four 54/100 dollars, at the office of Andrew Carney, 40 State street, Boston, for value received. Wm. G. Badger." It is in proof that all the payees of said note, at the time of the execution thereof, were citizens of Massachusetts, except one, and he at the time was a citizen of the state of New York; and, further, that defendant, the maker of said note, was at the same time a citizen of the state of California, and has continued such to the present time. The

---

1 [Reported by Cutler McAllister, Esq.]
2 [District not given.]

facts on the face of the note, its date, and the place where it is payable, stamp it as a Massachusetts contract. In view of these circumstances, the discharge of defendant, under the insolvent act of this state, cannot bar the present action. In the case of Byrd v. Badger [Case No. 2,265], decided by this court in its January term, 1858, this precise question was decided with the authorities given for its enunciation. It is useless to repeat them. The demurrer to the answer must be sustained.